**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ROBERT ALLEN RYTLEWSKI,

    *Plaintiff*,

v.

BAY, COUNTY OF,

    *Defendant*.
_____/

CASE NO. 19-11243

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S AFFIDAVIT RE: FINANCIAL HARDSHIP (R. 3)**

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Affidavit re: Financial Hardship (R. 3) be **DENIED**.

### II.   REPORT

#### A.   Introduction

Pending, pursuant to an order of reference for all pretrial matters from United States District Judge Thomas L. Ludington issued on May 14, 2019, (R. 6), is Plaintiff's Affidavit re: Financial Hardship. (R. 3). This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

1

**B.     Governing Law**

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. The Court must, however, dismiss cases "at any time" upon discovering an "untrue" allegation of poverty. § 1915(e)(2)(A).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System*, No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets); *Caldwell v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, *2 (S.D. Ala. Apr. 29, 2005) (the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend.'").

    **C.**    **Analysis**

Plaintiff initially filed an Affidavit re: Financial Hardship on May 9, 2019, which simply stated, "payment of filing fees would be a financial hardship for me." (R. 3

3

PageID.14.) As this Court has said on numerous occasions, an application to proceed without prepaying fees requires more detail than a bald disavowing-of-wealth such as this offers. *E.g.*, *Harrier v. Comm'r of Soc. Sec.*, No. 16-CV-11456, 2016 WL 3566971, at *2 (E.D. Mich. May 16, 2016), *R. & R. adopted sub nom. Harrier v. Colvin*, No. 16-CV-11456, 2016 WL 3549480 (E.D. Mich. June 30, 2016).

On May 15, 2019, this Court issued an Order Directing Plaintiff to File a Completed Application to Proceed Without Prepayment of Fees or Costs by June 4, 2019. (R. 7.) The Order also warned that failure to submit the application could result in denial of his fee waiver. (*Id.*). Plaintiff failed to submit the application by June 4, 2019.

Accordingly, I suggest that Plaintiff's Affidavit re: Financial Hardship (R. 3) be **DENIED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health*

4

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 12, 2019                                S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Robert Allen Rytlewski at 10955 14 Mile Rd., NE, Unit 55, Rockford, MI 49341.

Date: June 12, 2019                                 By s/Kristen Castaneda
                                                    Case Manager